The first case is Maziah Trading versus the Fung Group and Mr. Dermesropian, you may proceed. Thank you, Your Honor. Good morning, judges. May it please the court. My name is Rudy Dermesropian. I represent the appellant, Maziah Trading Company, which I'll refer to as Maziah for short. This appeal stems from a decision and a judgment by the district court following pre-motion letters submitted by the FLE where the court dismissed the complaint on jurisdictional grounds. The issue before this court is whether the district court committed error in considering and holding the pre-motion letters as full motions without the opportunity to submit additional submissions, including also conducting limited jurisdictional discovery, but also whether there was an error in dismissing the case in its totality pursuant to jurisdictional grounds. As a brief background, Maziah, the appellant, had a pre-existing relationship with a company called Van Zeeland Inc. Van Zeeland Inc. is a New York-based company that operated in New York, was formed in New York, and had a primary office in New York. Between those two companies, there was a distribution agreement that was also entered into in 2005 and governed by New York law. Do you agree that if you have foreign entities on both sides of a case, there's no diversity jurisdiction? Generally speaking, yes, but I don't believe that's applicable here because of the successor interest theory and the alter ego theories. As I was mentioning in 2008, Lee and Fung, one of the appellees, acquired the company Van Zeeland Inc. and continued conducting business under the same name, same domain name, same employees, executives, and everything remained the same. And if, you know, we cited a few cases in the brief, but pursuant to the successor of interest theory, the foreign company contradiction of the courts in New York, including the district court, also under the alter ego theory. That sounds like a personal jurisdiction argument as opposed to a subject matter jurisdiction argument. With regards to the subject matter, Judge, all the transactions, all the occurrences, all the meetings, everything occurred in New York, everything initiated. But Mosiah is definitely a foreign entity. Correct. Is it not? Yes. Yes. And what about... I'm sorry, Judge. Go ahead, I'm sorry. Go ahead, Danny. Judge can't finish. I'm sorry. Oh, I was just... So Mosiah is a foreign entity and isn't GBG Global Brands Group Holding Limited also a foreign entity? GBG is incorporated as far as in Bermuda, but it is conducting business and has offices on Fifth Avenue in New York City, at least during the relevant time. Does it matter that it's conducting business here? Aren't there cases that say it doesn't matter? Well, we believe based on the interest, the choice of law and the interest of the state, where all the transactions occurred here, they have business offices here. The initial agreement between Van Zeeland and Mosiah was governed by New York law. And they have acted, excuse me, they have utilized subsidiaries to conduct business in New York, which I believe is why we are doing the briefs. The courts would have personal and subject matter jurisdiction over the companies, the entities, as well as the something. When there was an acquisition that you mentioned about Van Zeeland, wasn't that an asset purchase agreement? We don't have all the details, but we believe it was an asset purchase, but also they continue conducting business under the same... Well, an asset purchase agreement would not make you a successor in interest for diversity jurisdiction purposes, would it? Well, we believe it was more... We don't have the actual agreement in hand, and I don't think it was exchanged. Well, it was not exchanged at this point in the case, so we don't have the details of it. But what we do know is after they acquired Van Zeeland Inc., they continued conducting business from New York with the same employees and executives with Mosiah, and the meetings and everything else occurred in New York under the same, I guess, chain of transactions. But you don't in your complaint. The complaint did not allege that the police had a principal place of business in New York, did it? It didn't allege that, did it? It does not allege that because we don't have that information. Okay, thank you. The appellee is also in the response, and I wanted to address it very quickly. They mentioned that there was an arbitration provision or agreement between the parties, briefly mentioned on that. There's no arbitration agreement between the existing appellees and the appellant. There was previously a AAA arbitration proceeding that was initiated involving other entities. Appellee is also referred to the timeliness of the claims. We believe the statute of limitation that applies to the claims in this case is a 60 statute of limitation and pursuant and based on the nature of the causes of action that were brought. And if the court agrees with the 60 statute of limitation, the allegations would be timeless as this case was initiated on September 21, 2018. The relationship between the appellees is laid out in the complaint and the brief a little bit in more details. But as we can see, there is a a relationship between the subsidiaries and the other companies. There are foreign companies using the local companies who have offices in New York to be able to continue conducting business in a way shielding or attempting to shield themselves from liability. Would you concede that looking simply at your complaint that diversity jurisdiction doesn't exist? I would agree that the on paper, at least based on the complaint and what we have so far, the foreign entities, excuse me, the appellees are based. One of them I believe has a main office in Hong Kong and the second one has a main office in or at least it was formed in Bermuda. We don't know with regards to GBG, which is forming Bermuda. We don't know where their appellees. Does it matter where its main office is if it is incorporated in Bermuda? I mean, I'm looking at our decision in Hydra Offshore and it says a corporation organized under the laws of a foreign nation remains an alien corporation even if its principal place of judge. But what we believe is the applicable here is the fact that even though they are formed overseas, everything has transacted and took place in New York and they acquired and adopted and continue conducting business in New York based on a previous existing relationship. As far as the details of the acquisition, we don't have that in front of the court yet. We were hoping that discovery would shed some light as to that type of relationship between the two. All right, we'll hear from your colleague, Mr. Lynch. You're still on mute, Mr. Lynch. Good morning, your honors. On behalf of the defendants in this case, this is Michael Lynch from the law firm of Kelly Dry and Warren. I'd like to just begin by identifying. So there are four named defendants in this case. Our position has been the two are misnamed or are not actual legal entities, but that won't be resolved here. And so for today's purposes, we will appear on behalf of everybody. Your honor, as you've noted, Judge Marrero below dismissed this case for lack of subject matter jurisdiction pursuant to Rule 12B1. In his order, the plaintiff, the judge warned plaintiff that its pre-motion letter had conflated lack of subject matter jurisdiction with personal jurisdiction. Specifically, Judge Marrero wrote, plaintiff does not counter defendant's arguments regarding the citizenship of the parties or the legal existence of the Fung Group or Fung Holdings Limited. Instead, plaintiff argues that the defendants are subject to the court's jurisdiction under the New York long arm statute. But personal jurisdiction is a distinct inquiry from subject matter jurisdiction, of course. The diversity is alleged here pursuant to Section 28 U.S.C. 1332. Of course, as the district court explained, none of the parties in this action are citizens of any state. And quoting the Island Global Yachting Southern District 2006, Judge Marrero wrote, the presence of aliens on two sides of a case destroys diversity jurisdiction. We've also cited to this court's ruling in Universal Licensing Corp versus Paola Del Lungo. There, the Second Circuit wrote, diversity is lacking where the only parties are foreign entities or where on one side there are citizens and aliens and on the opposite side, there are only aliens. Of course, for purposes of diversity jurisdiction, the court must look at both the state of incorporation and the principal place of business. That is black letter law. If we look at the pleadings in this case, which I think plaintiff, excuse me, appellant just acknowledged, on its face, there are no, the pleadings do not establish subject matter jurisdiction. It is based in Beirut, organized under the laws of the Republic of Lebanon with a principal place of business in Beirut. The Fung Group is alleged only to have a principal place of business. That alone should destroy diversity jurisdiction. There are no allegations with respect to a state of incorporation. The next defendant, Lee and Fung Limited, is alleged only to have a principal place of business also in Hong Kong. Again, this should immediately destroy diversity jurisdiction. It does identify it as having a maintaining a place of business in New York, but of course that is not relevant to a subject matter jurisdiction analysis. Fung Holdings, similarly, there is no state of incorporation alleged, no principal place of business alleged, only that it conducts business in New York. Again, irrelevant for purposes of subject matter jurisdiction. And finally, as Judge Chinges noted, the last defendant, Global Brands Group Holding Limited, is a foreign corporation incorporated under the laws of Bermuda. Although there are allegations that it conducts business in New York, those allegations are disputed, but in any event, the pleading that it's argued, no party here is alleged to be a citizen of New York or any other state. They're all foreign. And in any event, it wouldn't matter since there's at least two that are identified and pled as having been incorporated in foreign states. Now, for the first time on the appeal, Appellant argues this alter ego theory, but that is again not relevant to the inquiry. A alter ego theory is relevant to personal jurisdiction inquiry and does not impact diversity. Even if plaintiff were to successfully allege that one of the defendants, it doesn't indicate which one, or the appellees, was a citizen of New York or any other state through this alter ego theory, it does not cure the fact that there are at least two entities incorporated in foreign countries. Plaintiff's case is on the point for alter ego, also confirmed that this theory cannot cure their diversity jurisdiction issue. The appellee cites Grunblatt versus Unum Provident Corporation, and that decision reads, a jurisdictional alter ego analysis does not extend diversity jurisdiction by allowing a citizenship of its out-of-state alter ego. It merely adds an additional domicile for jurisdictional purposes. And that case goes on to read, the alter ego doctrine may be used to add places of citizenship to the abrogation of diversity jurisdiction, but may not be used to extend such jurisdiction. Similarly, the Zadora-Gurloff versus AXA Nordstern case, which appellee relies upon, held that the alter ego analysis could not be used to create diversity jurisdiction. Alter ego analysis for purposes of diversity jurisdiction is limited to situations in which it will add an additional state of citizenship in order to destroy diversity, not the reverse. It cannot do anything about the two that are pledged to have been incorporated in foreign countries. There are no other arguments with respect to the citizenship analysis. There, we did raise a number of other bases upon which this case could and should be dismissed, which this court would not need or should not reach, assuming the alter ego, assuming the diversity argument succeeds, and Judge Marrero's opinion is upheld. However, I'm happy to discuss any of those if the court finds it helpful. I don't think so. We don't need it. All right. Well, then with that, I will rest. We'll hear the rebuttal. Thank you, Your Honor. I wanted to comment really quick. At the district court level, the submissions were limited to three-page pre-motion letters. Any arguments that we made in that letter was brief, intended to be brief. Of course, we were expecting it. Is there anything more that you didn't say today? Is there anything more that you would have argued had you had more time that you haven't said to us? I believe, Your Honor, based on the information that we have in the complaint delegations, what we submitted to this court would have been the same arguments or similar to what we have submitted to the district court. Anything else? Your Honor, I rest and I rely on my papers. Thank you, Judge. Thank you both. The court will reserve decision. Thank you.